**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                No. 96-4611

JOSEPH MCKNIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T.S. Ellis, III, District Judge.
(CR-96-24-A)

Submitted: June 12, 1997

Decided: June 24, 1997

Before WIDENER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. McCarthy, DELANY, MCCARTHY, COLTON &
BOTZIN, P.C., Alexandria, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Mythili Tharmaratnam, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Joseph McKnight was convicted by a jury of one count each of assault on a correctional facility employee (D.C. Code Ann. § 22:505(a) (1981)),**1** assault by striking (18 U.S.C. § 113(a)(4) (1994)), and theft of personal property (18 U.S.C.§ 661 (1994)). On appeal, he challenges the district court's denial of his motion for leave to submit a questionnaire to the jury, his request to individually question each member of the jury, and his proposed voir dire questions. He also alleges the evidence was insufficient to support the finding that the victim was a District of Columbia employee and that he committed theft and that the court erred in refusing to instruct the jury on the power of citizen arrest and the right to resist unlawful arrest. Finding no reversible error, we affirm.

McKnight, a prisoner at Lorton Reformatory, went to the infirmary to have stitches removed. The victim, who worked as a nurse at the facility, removed the stitches, and McKnight left. The victim stepped into another room to speak to a doctor, leaving her purse containing approximately $25 - $30 in the exam room. The victim observed McKnight return to the room, confronted him, and told him to put down whatever he had in his closed fist.**2** McKnight grabbed the victim by the neck and wrist, pushed her violently out of the way, and fled. Correctional officers eventually apprehended McKnight and recovered cash which corresponded to the amount the victim reported was missing from her purse. McKnight admitted that he knew the money did not belong to him but claimed it was just lying under the exam table.

_____

**1** This offense requires that the victim be employed by the District of Columbia.

**2** Initially, the victim could not tell what McKnight was holding.

2

We find McKnight's first challenge to be without merit. A defendant is not entitled to inquire into every possible area which may conceivably prejudice a potential juror against him. **3** We also reject McKnight's claim that he was denied a fair trial by the district court's refusal to ask his proposed voir dire questions. We review the district court's refusal for abuse of discretion, and we find no such abuse here.**4** We find that McKnight's proposed voir dire questions were substantially covered by the questions asked by the district court.

We further find that the evidence was sufficient to support the findings that the victim was an employee of the District of Columbia and that McKnight stole the money from the victim.**5** The victim testified that she worked for the Department of Corrections at Lorton. Other witnesses, including a doctor, nurse, and correctional officers, all testified that they were employed by the District of Columbia Department of Corrections. We find that a reasonable trier of fact could infer from this testimony that the Department of Corrections employing the victim was, in fact, the District of Columbia Department of Corrections. We likewise find that a reasonable juror could find from the undisputed facts that the money taken by McKnight came from the victim's purse.

Finally, the district court's refusal to provide an instruction requested by the defendant constitutes reversible error only if the instruction was correct, was not substantially covered by the court's charge to the jury, and dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. United States v. Lewis, 53 F.3d 29 (4th Cir. 1995). We find that the instructions at issue here fail to satisfy the third element of this test because we find nothing in the record to suggest, nor did McKnight assert at trial, that the victim was trying to arrest him or that he was trying to resist such an arrest.

We therefore affirm McKnight's convictions and sentences. We

_____

**3** **See Ristiano v. Ross**, 424 U.S. 589, 594-95 (1976).
**4** **See United States v. Barber**, 80 F.3d 964, 967 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3262 (U.S. Oct. 7, 1996) (No. 96-5058).

**5** **See Glasser v. United States**, 315 U.S. 60, 80 (1942).

dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED